NO. 07-05-0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2007
_____

BARBARA J. STONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407187; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON MOTION FOR REHEARING**

By an opinion dated December 21, 2006, we affirmed the trial court's decision on appellant's motion to suppress evidence gathered following forced entry into appellant's residence and appellant's consent to search the residence. Appellant has filed this motion for rehearing contending that this court has failed to properly evaluate her case under a Brick analysis. See Brick v. State, 738 S.W.2d 676, 678 (Tex.Crim.App. 1987). In that opinion, we reviewed the trial court's decision denying appellant's motion to suppress evidence by analyzing the legal issues of probable cause, exigent circumstances, and

voluntariness of consent. In its motion for rehearing, appellant only raises the issue of voluntary consent by contending error in our Brick analysis. Appellant's motion for rehearing is denied.

In appellant's motion for rehearing, appellant contends that this court improperly weighed the evidence under three of the six Brick factors. Specifically, appellant contends that we improperly concluded that (1) the warrantless entry did not produce the police's observation of evidence within the home; (2) the entry was not the result of flagrant police misconduct; and (3) the police purpose underlying the warrantless entry was not to obtain consent.

However, appellant misinterprets our opinion. In our original opinion, we clearly state that our purpose in reviewing the evidence was not to re-weigh the evidence under Brick to determine whether the evidence should have been suppressed. Upon appeal, our duty is to determine *whether the trial court erred in denying appellant's motion to suppress by abusing its discretion* in finding that the State proved by clear and convincing evidence that the consent was voluntary after affording almost total deference to the trial court's determination of the historical facts that are supported by the record. See Montanez v. State, 195 S.W.3d 101, 108 (Tex.Crim.App. 2006) (emphasis added). In our review of the Brick factors, and specifically on two of the three factors to which appellant now complains, we give almost total deference, to the trial court's ruling because its ruling was based on questions of historical fact and application-of-law-to-fact questions that turned upon its evaluation of the officer's credibility and demeanor. See Johnson v. State, 68 S.W.3d 644, 652 (Tex.Crim.App. 2002). Were we to make the determination that the State had failed

2

to prove by a clear and convincing standard that the consent was tainted by the illegal entry, we would impermissibly eliminate the abuse of discretion standard of review afforded a trial court's decision on issues of evidence admissibility. See Montanez, 195 S.W.3d at 108. Hence, our analysis of the trial court's decision on the voluntariness of appellant's consent was correct.

Appellant's motion for rehearing is denied.


Mackey K. Hancock
Justice


Quinn, C.J., would grant motion for rehearing.